**JAMES S. TERRELL (SBN: 170409)**
Law Office of JAMES S. TERRELL
15411 Anacapa Road
Victorville, California 92392
E-mail: jim@talktoterrell.com

**SHARON J. BRUNNER, (SBN: 229931)**
Law Office of SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
E-mail: sharonjbrunner@yahoo.com

Attorneys for Plaintiff
ROLAND HURTADO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND HURTADO<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ONTARIO and DOES 1-10, Inclusive.<br><br>Defendants. | Case No: 5:25-cv-285<br>COMPLAINT FOR DAMAGES<br><br>1. Violation of Civil Rights Fourth Amendment – Excessive Force (42 U.S.C. 1983)<br>2. Violation of Civil Rights (42 USC 1983)(Failure to Intervene, Failure to Protect)<br>3. Violation of Civil Rights (42 USC 1983) (Unconstitutional Policy, Practice or Custom)<br>4. Battery<br>5. Violation of Cal. Civil Code § 52.1 (Bane Act)<br>6. Infliction of Emotional Distress<br>7. Negligence<br>[DEMAND FOR JURY TRIAL] |

COMPLAINT FOR DAMAGES

- 1 -

# FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, ROLAND HURTADO, for his Complaint against Defendants City of Ontario and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3. The Plaintiff filed a timely Governmental Tort Claim, pursuant to California Civil Code § 910, on December 7, 2023, therefore state actions are appropriate. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with this officer-involved excessive force action on

Plaintiff, which occurred in the City of Ontario, California.

## PARTIES

4. At all relevant times, **ROLAND HURTADO** ("PLAINTIFF") was an individual residing in the CITY of Ontario, California.

5. At all relevant times, Defendant **CITY of Ontario ("**CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Ontario City Department ("OPD") and its agents and employees.

6. At all relevant times, Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, City was the employer of Defendant's Officers DOES 1-10.

7. On information and belief, DOES 1-10 were residents of the City of Ontario.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants CITY and DOES 6-10.

9. The true names and capacities, whether individual, corporate,

association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

11.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13.    This incident occurred on June 21, 2023, at approximately 10:30 a.m. in the City of Ontario.

14. Plaintiff HURTADO was a guest at the Galleria Motel 4200 East Mission Boulevard, Montclair California. The Plaintiff was staying at the motel with his girlfriend Shena Medley.

15. HURTADO was taking items from the motel room to Ms. Medley's vehicle. Plaintiff HURTADO had several items of clothing in his arms as he was approaching Ms. Medley's vehicle trunk.

16. Plaintiff HURTADO heard a van door opening behind him and several police officers exited the van and started yelling conflicting commands. HURTADO was handcuffed immediately.

17. Plaintiff HURTADO was compliant and at this point he was handcuffed with his arms behind his back. HURTADO was not resisting and was incapable of resisting as he was handcuffed and on the ground.

18. Defendant City police officer DOE 1, a K-9 officer, released his K-9 to bite HURTADO. The K-9 officer allowed his dog to repeatedly bite the leg and ankle of the Plaintiff. HURTADO was screaming in pain. HURTADO contends that while warnings concerning the K-9 may have been given such warnings did not allow for any compliance by HURTADO. HURTADO contends that the use of the K-9 was excessive and not warranted under the circumstances.

19. Plaintiff HURTADO was told to shut his mouth as the dog continued to repeatedly bite him. HURTADO let out an additional scream as the K-9 police dog continued to maul him. HURTADO was in complete fear for his life as the K-

9 continued to bite him.

20.	Defendant DOE 2, an unkown City of Ontario Officer, did remove his weapon and strike HURTADO in the head causing him to lose conscious. DOE 2, used deadly force to stop HURTADO from screaming. HURTADO was in fear and pain.

21.	With Plaintiff HURTADO handcuffed body on the ground, DOE 1 maliciously commanded his dog to attack, bite and to maul HURTADO. HURTADO screamed in pain and fear. The handcuffed prisoner was helpless. HURTADO heard laughter and additional orders to have the K-9 bite him by DOE 1.

22.	DOE 1 repeated the orders to the K-9, as commanded, the K-9 proceeded to bite HURTADO and he sustained additional bites to his body. DOES 1-4, who knew this was painful and torture, did not intervene. The DOES 1-5 seemed to enjoy that the helpless HURTADO was being bitten.

23.	The on-duty Defendants DOES 1-5 acted as bystanders. All Police Officers watching had turned a blind eye to the above-described inhumane act. All DOES present failed to intervene the cruel and excessive force. The inaction of DOES 1-5 were failure to intervene as excessive force was used. The Plaintiff believes and therefore alleges, that the city has a long-standing custom of the use of excessive force when making arrests.

24.	Besides officers DOES 1-5. there were supervisors present at the scene,

COMPLAINT FOR DAMAGES

DOES - 6, and DOES 7 who failed to intervene or take any action.

25. The instantaneous coordinated actions of all the Officers (DOES 1-7) involved revealed that this cruel activity was not new to the City of Ontario. Throughout this cruel inhuman torture, not one sworn police officer acted to stop the mauling of HURTADO by the K-9. HURTADO was also pistol whipped and knocked unconscious by DOE 2 for screaming in pain.

26. HURTADO received eight stitches to his face, near his left eye. The wounds by the K-9 were serious puncture wounds which became infected. HURTADO has been diagnosed with possible compartment syndrome, edema and permanent scarring of his left foot and ankle. HURTADO has had multiple surgeries and it is believed future surgeries will be necessary.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (Fourth Amendment —Excessive Force)**
**(42 U.S.C. § 1983)**
(Plaintiff Against Defendants Does 1-10)

27. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. Commencing on or about the aforementioned date and acting under color of law, the Defendants, and DOES 1-10, each of them, intentionally and maliciously deprived Plaintiff of his rights to be secured to him by the Fourth Amendment to the United States of America in that the Defendants, each of them subjected

Plaintiff to unreasonable, unnecessary, excessive force tending to cause serious bodily injury during the arrest even though there is no strong governmental interest compelled the need for the officers to use force, especially to use force likely to cause substantial risk of serious bodily injury, including but not limited to doing the following:

    a. The Doe Defendants 1-4 used force likely to cause a substantial risk of serious bodily injury even though Plaintiff did not pose a threat of death or serious physical injury to the officers or others by striking Plaintiff on his face and head.

    b. DOE 1, a K-9 officer had the police dog attack and bite the Plaintiff who complied with orders and handcuffed.

    c. The force used was potentially deadly. Courts have generally not found trained police dogs to be deadly force, even though they have not foreclosed the possibility that police dogs could under certain circumstances be found to constitute deadly force. *Smith v. Hemet* (9th Circuit 2005) 394 F.3rd 689.

    d. The use of the police dog is excessive force when the nature and the quality of the intrusion (the attack and and resulting injury) is not justified by the governmental interest at stake (the urgency of making the arrest). Here, there was no urgency, the arrest had made made and the Plaintiff was in handcuffs, not free to leave and in custody. These

City of Ontario Police Officers used this dog as an instrument of torture.

e. City of Ontario Officer DOE 2, used excessive force and deadly force by striking HURTADO'S head with his service weapon because he screamed in pain from the dog bite. Commonly referred to as pistol whipped.

29. At all times during the events described herein, the DOE Defendants assisted each other in performing the various actions described and lent their physical presence presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the use of excessive force, by among other things, claiming that plaintiff while lying flat on the ground, refused to comply with orders.

30. The unreasonable use of force likely to cause a substantial risk of serious bodily injury by Defendants, deprived Plaintiff of his rights to be secure in his person against unreasonable searched and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

31. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries and incurred medical bills for health care and future expenses for medical services to treat those injuries. Plaintiff continues to experience pain from the injuries he sustained at the hands of Defendants.

32. The aforementioned acts and omissions to act by the Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to harm and injure ex, harass and oppress the Plaintiff, with a conscious and deliberate indifference to the risks of serious bodily injury to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, individually, and each of them (not City) in the amount proved.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (42 USC 1983)
## FAILURE TO ACT-INTERVENE-FAILURE TO PROTECT
(Plaintiff Against Does 1-10 )

33. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 32 of this complaint with then same force and effect as if set herein.

34. Defendant Does acted under color of State law within the course and scope of their duties in making the arrest of the Plaintiff. Defendants DOE 1-10, acting within the course and scope of his duties, under color of state law, in making the arrest of Plaintiff.  In the course of that arrest, Defendants violated the Plaintiff's fourth, fifth and Fourteenth Amendments right not to be deprived of "life, liberty or property, without Due process of law." Both of these rights were breached when the City K-9 Officer, DOE 1, allowed the K-9 to maul the Plaintiff, while the Plaintiff was handcuffed and defenseless, and not one of the other sworn police officers came forward to intervene and stopped the malicious torture of the Plaintiff.

35. The Defendant DOES failed to protect Plaintiff. These Defendants refused or failed to take any reasonable steps to stop the torture being administered by Defendant DOE 1. The same DOES failed to protect HURTADO when DOE 2 struck HURTADO in the head with a service weapon, rendering him unconscious.

36. As a result of the Defendants at the scene taking no action, each DOE Defendant failed to protect the Plaintiff who was handcuffed and in custody, from an intolerable risk of severe bodily harm. While working under color of law, the DOE Defendants at the scene of this incident caused the injuries to Plaintiff. As a legal result of their conduct, the Defendants at the scene are liable for Plaintiff's injuries because they were an integral participant in failing to protect Plaintiff from an intolerable risk of severe bodily harm.

**THIRD CAUSE OF ACTION**
**(42 USC 1983)**
**(UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM**
(Against CITY only)

37. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 36 of this complaint with the same force and effect as if set herein.

38. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiff as sent forth herein. Defendant City bears liability for all injuries because of its policies, practices and/or customs were the cause of Plaintiff injuries. Defendant City and its officers maintained and permitted one or more of the following officials or policies:

a. Using or tolerating excessive force against arrestees who pose no physical threat to deputies and aren't resisting or are in custody. Plaintiff herein was prone on the ground and handcuffed with his hands behind his back and posed no threat no threat to the Defendants at the scene of the incident.

b. Obstructing misconduct investigations and falsifying reports to avoid accountability. Herein, ten Defendants knew the true facts and yet no one came forward to tell the truth. Plaintiff believes and therefore alleges, that the "code of silence' amongst the law enforcement agencies involved herein amounts to a policy, practices or custom.

c. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and in particular, the ratification of the use of excessive force against Plaintiff. Plaintiff believes, and thereon alleges, that this incident, the dash cam video, the body cam videos of the officers at the scene and/or tolerating excessive force against arrestees. PLAINTIFF and other video establish that the Plaintiff was prone and handcuffed when the K-9 was released. The Officers at the scene followed the "code of silence," and no law enforcement personnel was written up or disciplined.

39. Upon information and belief, the above-mentioned policies are so permanent and well settled so as to constitute a custom or usage with the force of law.

40.     A plaintiff has a constitutional interest pursuant the Fourth and the Fourteenth Amendments to the United States Constitution to be free from excessive force and force likely to cause substantial risk of serious bodily injury. Plaintiff's constitutional interests have been violated based upon Defendant City of Ontario's with regard to the use of force employing the canine unit and further when it is appropriate to use force employing the Canine deployed by the City specifically when it comes to procedures and protocol to be followed when using the canine unit. These policies and customs include, but are not limited to, the deliberate indifferent training of its officers in the proper use of a canine unit, when and when not use force that can cause substantial risk of serious bodily injury. The policies and customs also include the express and/or tactic encouragement of then use of a canine unit when a lesser form would be appropriate form the situation, the ratification of the Officer's misconduct such that future violations do not occur.

41.     As set forth in the foregoing paragraphs of this Complaint, the Defendants at the scene employed by the City, while acting under color of law and in the scope of employment, violated the Fourth Amendment rights of Plaintiff by acts which included, but not limited to, assaulting and battering Plaintiff while subjecting Plaintiff to unreasonable and malicious use of the canine, all while the Plaintiff was handcuffed and defenseless. As set forth on the foregoing paragraphs of this Complaint, the DOE Defendants use of unreasonable and excessive force in the deployment of the canine while the Plaintiff was on the ground, face down and

while the Plaintiff was handcuffed and no threat to any of the Defendants, was an unconstitutional display of an unreasonable seizure, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

42. Specifically, Plaintiff alleges that Defendant City has an actual custom of promoting the conduct by City Defendants in this action against Plaintiff.

43. In Acting as alleged herein, Defendant City caused Plaintiff general and special damages, in an amount to be determined at the time of trial.

44. Due to the conduct of Defendant City, Due the conduct of Defendant City, Plaintiff has suffered physical and psychological injuries and will continue to suffer in an amount to be determined at trial and Plaintiff seeks attorney fees pursuant to 42 USC 1988.

### FOURTH CAUSE OF ACTION
**(Battery – Violation of California)**
(By Plaintiff Against All DOE Defendants)

45. Plaintiff hereby re-allege and incorporates by reference each and every paragraph of this Complaint.

46. Defendants DOES 1-10, while working as an employee for Defendant City of Ontario Police Department and acting within the course and scope of their duties, intentionally assaulted and battered Plaintiff without a lawful basis. Plaintiff was grabbed and then continually seized, struck with fists, and punched.

Defendant DOE 1, a K-9 handler, caused a battery to occur by having the K-9 under his control, intentionally attack and repeatedly bite the handcuffed Plaintiff.

47. As a result of the actions of the Defendants, Plaintiff suffered injury. Defendant Does did not have a legal justification for using force against Plaintiff and Defendants' use of force while carrying out their duties was an unreasonable use of force.

48. Defendant CITY is vicarious liable, pursuant to California Government Code § 815.2(a), for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth above.

50. WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CIVIL CODE §52.1(b)
(By Plaintiff Against Defendant City)

51. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 50 above, as though fully set forth herein.

52. By the actions and omissions described above, the individually named Defendants, DOES 1-10, violated and/or interfered with Plaintiff's state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

53. The violations included depriving Plaintiff of the following well-settled constitutional rights that are secured by the U.S. Constitution, the California Constitution, and California law:

    i. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments.

    ii. The right to be free from unreasonable searches and seizures, as secured by Article I, section 13 of the California Constitution; and,

    iii. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

54. Defendant CITY is liable under California Government Code § 815.2 for the Civil Code § 52.1(b) violations, committed within the course and scope of the named Defendants' employment.

55. As a proximate result of the foregoing wrongful acts, the Plaintiff sustained injuries and damages, as set forth above. The Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

56. In committing the acts alleged above, the Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined as set forth in Civil Code 52 (b) (1); Attorney fees, Civil Code 52 (b)(3); General and Special Damages according to proof.

## SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiff Against All DOE Defendants)

57. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 56 above, as though fully set forth herein.

58. Defendants intentionally performed acts that resulted in the infliction of emotional distress upon Plaintiff. The Defendants allowed the K-9 to repeatedly bite the Plaintiff who was handcuffed and not resisting. Doe 2 struck HURTALDO in the head with a hard object which is deadly force. The Defendants' tortious conduct resulted in Plaintiff suffering severe emotional distress with physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

59. Defendant CITY is liable under California Government Code § 815.2 for the intentional infliction of emotional distress, committed within the course and scope of the named Defendants' employment.

60. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the CITY.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE
(By Plaintiff Against All DOE Defendants)

61. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above, as though fully set forth herein.

COMPLAINT FOR DAMAGES

- 17 -

62. Plaintiff pleads in the Alternative; at all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiff the duty to act with reasonable care.

63. These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

   a. To refrain from using excessive force while detaining or seizing Plaintiff.

   b. To refrain from using deadly strikes to Plaintiff's head.

   c. To refrain from using excessive force after handcuffing Plaintiff.

   d. To refrain from violating Plaintiff's rights to be treated fairly.

   e. To refrain from wrongfully seizing Plaintiff.

   f. To refrain from abusing the authority granted to Defendants by law.

   g. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64. Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

65. Defendant CITY liable under California Government Code § 815.2 for the negligence, committed within the course and scope of the named Defendants' employment.

66. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

**WHEREFORE, Plaintiff prays for relief as hereinafter set forth.**

## PRAYER FOR RELIEF

1. For general damages in a sum according to proof.
2. For special damages in a sum according to proof.
3. For Punitive damages (not as to City) in a sum according to proof.
4. For reasonable attorneys' fees pursuant to 42 U.S.C. 1985 § 1983.
5. For statutory civil penalties
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: _01/22/2025_____        LAW OFFICES OF JAMES S. TERRELL

__/s/James S. Terrell_____
James S. Terrell
Attorney for Plaintiff

Dated: _01/22/2025_____        LAW OFFICES OF SHARON J. BRUNNER

__/s/Sharon J. Brunner_____
Sharon J. Brunner
Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: 1/22/2025          LAW OFFICES OF JAMES S. TERRELL

                          /s/James S. Terrell
                          James S. Terrell
                          Attorney for Plaintiff

Dated:  1/22/2025         LAW OFFICES OF SHARON J. BRUNNER

                          /s/Sharon J. Brunner
                          Sharon J. Brunner
                          Attorney for Plaintiff